# In the United States Court of Federal Claims
## OFFICE OF SPECIAL MASTERS
### No. 16-608V
Filed: December 5, 2017

* * * * * * * * * * * * * * *  *
CATHERINE CINTRON, *As parent and*  *  UNPUBLISHED
*legal representative of her minor son*  *
E.C.,  *
 *
           Petitioner,  *  Decision on Attorneys' Fees and Costs;
v.  *  Respondent Does Not Object.
 *
SECRETARY OF HEALTH  *
AND HUMAN SERVICES,  *
 *
           Respondent.  *
* * * * * * * * * * * * * *  * *

*Elizabeth Muldowney, Sands Anderson, PC, Richmond, VA, for petitioner.*
*Ryan Pyles Esq., U.S. Department of Justice, Washington, DC, for respondent.*

## DECISION ON ATTORNEYS' FEES AND COSTS[1]

**Roth**, Special Master:

On May 24, 2016, Catherine Cintron ("Ms. Cintron," or "petitioner") filed a petition for compensation under the National Vaccine Injury Compensation Program[2] on behalf of her minor child, E.C. Petitioner alleges that E.C. developed autoimmune hemolytic anemia after receiving influenzae b ("Hib"), diphtheria-tetanus-acellular pertussis ("DTaP"), inactivated polio virus ("IPV"), pneumococcal conjugate, and rotavirus vaccinations on May 31, 2013. *See* Petition ("Pet."), ECF No. 1. The parties agreed to settle this case, and a stipulation was filed on June 12,

---

[1] Because this unpublished decision contains a reasoned explanation for the action in this case, I intend to post this decision on the United States Court of Federal Claims' website, in accordance with the E-Government Act of 2002, Pub. L. No. 107-347, § 205, 116 Stat. 2899, 2913 (codified as amended at 44 U.S.C. § 3501 note (2012)). In accordance with Vaccine Rule 18(b), a party has 14 days to identify and move to delete medical or other information, that satisfies the criteria in 42 U.S.C. § 300aa-12(d)(4)(B). Further, consistent with the rule requirement, a motion for redaction must include a proposed redacted decision. If, upon review, I agree that the identified material fits within the requirements of that provision, I will delete such material from public access.

[2] National Childhood Vaccine Injury Act of 1986, Pub. L. No. 99-660, 100 Stat. 3755. Hereinafter, for ease of citation, all "§" references to the Vaccine Act will be to the pertinent subparagraph of 42 U.S.C. § 300aa (2012).

2017. ECF No. 21. On June 13, 2017 the undersigned issued a Decision awarding compensation to petitioner based on the parties' stipulations. *See* Decision, ECF No. 22.

On December 1, 2017, petitioner filed a Motion for Attorneys' Fees and Costs requesting attorneys' fees and costs totaling $37,606.13.[3] Motion for Fees, ECF No. 31. Petitioner's counsel notes that during the pendency of this matter, she transitioned her practice from Rawls McNelis, PC to Sands Anderson, PC. *Id*. at 7. Accordingly, fees and costs were incurred by both firms. For Rawls McNelis, PC, petitioner requests attorneys' fees in the amount of $33,800.30 and attorneys' costs in the amount of $1,115.27, for a total amount of $34,915.57. *Id.* at 8. For Sands Anderson, PC, petitioner requests attorneys' fees in the amount of $2,682.80 and attorneys' costs in the amount of $7.76, for a total amount of $2,690.56. *Id*.

In accordance with General Order #9, petitioner's counsel represents that petitioner incurred $1,266.50 in out-of-pocket expenses. *Id*.

On December 4, 2017, respondent filed a response to petitioners' Motion for Fees. Response, ECF No. 32. Respondent provided no specific objection to the amount requested or hours worked, but instead, "respectfully recommend[ed] that the Special Master exercise her discretion and determine a reasonable award for attorneys' fees and costs." *Id*. at 3.

Petitioner filed a reply on December 5, 2017, reiterating her request for fees and costs. ECF No. 33.

The Vaccine Act permits an award of "reasonable attorneys' fees" and "other costs." § 15(e)(1). Based on the reasonableness of petitioner's request, the undersigned GRANTS petitioner's motion for attorneys' fees and costs.

Accordingly, the undersigned **awards the total of $38,872.63**[4] **as follows:**

- **A lump sum of $1,266.50** in the form of a check payable solely to petitioner, Catherine Cintron;

- **A lump sum of $2,690.56** in the form of a check jointly payable to petitioner and petitioner's counsel, Elizabeth Muldowney, Esq.; and

- **A lump sum of $34,915.57** in the form of a check jointly payable to petitioner and Rawls Law Group.

---

[3] I have made no determination as to appropriate hourly rates in this matter; I merely conclude that the total sums requested seem reasonable and appropriate.

[4] This amount is intended to cover all legal expenses incurred in this matter. This award encompasses all charges by the attorney against a client, "advanced costs" as well as fees for legal services rendered. Furthermore, § 15(e)(3) prevents an attorney from charging or collecting fees (including costs) that would be in addition to the amount awarded herein. *See generally Beck v. Sec'y of Health & Human Servs*., 924 F.2d 1029 (Fed. Cir. 1991).

The Clerk of the Court is directed to enter judgment in accordance with this Decision.[5]

**IT IS SO ORDERED.**

<u>**s/ Mindy Michaels Roth**</u>
Mindy Michaels Roth
Special Master

---

[5] Pursuant to Vaccine Rule 11(a), entry of judgment can be expedited by each party filing a notice renouncing the right to seek review.